IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| **UNITED FIRE & CASUALTY COMPANY** § § § | |
| v. § | CIVIL ACTION NO. 5:19-cv-1260 |
| § § | |
| **KEITH ZARS POOLS, LTD.** § § | JURY DEMANDED |

**PLAINTIFF'S ORIGINAL COMPLAINT**
**AND REQUEST FOR DECLARATORY JUDGMENT**

Plaintiff United Fire & Casualty Company ("United Fire") files its Original Complaint and Request for Declaratory Judgment against Defendant Keith Zars Pools, Ltd., and would respectfully show the Court as follows:

## I. NATURE OF THE ACTION

1.1   United Fire brings this claim for declaratory judgment to declare the legal relations and rights of the parties under two contracts of commercial liability insurance and umbrella liability insurance (collectively, "the Policies") under Federal Rule of Civil Procedure 57 and 28 U.S.C. §§ 2201, 2202.

1.2   United Fire seeks a declaratory judgment that it owes no duty to **defend** its insured, Keith Zars Pools, Ltd. against an underlying lawsuit currently pending against it which is styled, No. 2018-CI-16581; *Matthew Bush and Jenevieve Ramos, individually and as surviving parents of Hunter Bentley Bush, and a/n/f of T.B. and M.B., minors v. Julia DelaCruz Armstrong and SC Casa, LLC et al*, In the 288th District Court of the Bexar County, Texas[1] ("the Underlying Suit" or "the *Bush* suit") under the terms of a professional liability insurance policy United Fire issued

---
[1] *See generally* **Exhibit A.**

1

to Keith Zars Pools, Ltd.; and also that United Fire owes no duty to **indemnify** Keith Zars Pools for amounts they may become legally obligated to pay in the Underlying Suit.

## II. THE PARTIES

2.1     Plaintiff United Fire & Casualty Company is incorporated in Iowa with its principal place of business in Iowa. United Fire is an insurance company that issues insurance policies in Texas.

2.2     Defendant Keith Zars Pools, Ltd. is incorporated in Texas with its principal place of business in Texas. Keith Zars Pools, Ltd. is amenable to service of process in Texas by serving its registered agent, Keith Zars, at 17427 San Pedro, San Antonio, Texas 78232.

## III. JURISDICTION AND VENUE

3.1     This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1332(a), based on the complete diversity of citizenship of the parties as described above. The amount in controversy exceeds $75,000, exclusive of interests and costs. The Underlying Lawsuit alleges total damages exceeding $1 million.[2] The collective limits of the Policies exceed $1 million.[3]

3.2     This Court has personal jurisdiction over Defendant because Defendant is a citizen of the state of Texas and/or regularly conducts business in the state of Texas.

3.3     Venue is proper in this District under 28.U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in Bexar County, Texas, which is part of this District. Specifically, the Underlying Suit which is pending against Defendant is in Bexar County, Texas.

---

[2]  *See* **Exhibit A** at ¶ 9.
[3]  See **Exhibits B, C**.

## IV. BACKGROUND FACTS

4.1    This declaratory judgment action arises from two commercial liability insurance policies issued by United Fire to Keith Zars Pools, Ltd. and a wrongful death suit against Keith Zars Pools, Ltd. and other defendants.  United Fire issued commercial liability policy No. 85317321 to Keith Zars Pools, Ltd., effective from 6/1/17 to 6/1/18 ("the Primary Policy").[4]  The Primary Policy provides in part as follows:

**EXCLUSION - CONSTRUCTION MANAGEMENT
ERRORS AND OMISSIONS**

This insurance does not apply to "bodily injury", "property damage" or "personal and advertising injury" arising out of:
1. The preparing, approving, or failure to prepare or approve, maps, shop drawings, opinions, reports, surveys, field orders, change orders or drawings and specifications by any architect, engineer or surveyor performing services on a project on which you serve as construction manager; or
2. Inspection, supervision, quality control, architectural or engineering activities done by or for you on a project on which you serve as construction manager.

This exclusion applies even if the claims against any insured allege negligence or other wrongdoing in the supervision, hiring, employment, training or monitoring of others by that insured, if the "occurrence" which caused the "bodily injury" or "property damage", or the offense which caused the "personal and advertising injury", involved that which is described in Paragraph **1. or 2.**

This exclusion does not apply to "bodily injury" or "property damage" due to construction or demolition work done by you, your "employees" or your subcontractors.

**EXCLUSION - CONTRACTORS - PROFESSIONAL LIABILITY**

1. This insurance does not apply to "bodily injury", "property damage" or "personal and advertising injury" arising out of the rendering of or failure to render any professional services by you or on your behalf, but only with respect to either or both of the following operations:

---

[4] *See* **Exhibit B**.

    a.  Providing engineering, architectural or surveying services to others in your capacity as an engineer, architect or surveyor; and

    b.  Providing, or hiring independent professionals to provide, engineering, architectural or surveying services in connection with construction work you perform.

This exclusion applies even if the claims against any insured allege negligence or other wrongdoing in the supervision, hiring, employment, training or monitoring of others by that insured, if the "occurrence" which caused the "bodily injury" or "property damage", or the offense which caused the "personal and advertising injury", involved the rendering of or failure to render any professional services by you or on your behalf with respect to the operations described above.

2.  Subject to Paragraph 3. below, professional services include:
    a.  Preparing, approving, or failing to prepare or approve, maps, shop drawings, opinions, reports, surveys, field orders, change orders, or drawings and specifications; and
    b.  Supervisory or inspection activities performed as part of any related architectural or engineering activities.

3.  Professional services do not include services within construction means, methods, techniques, sequences and procedures employed by you in connection with your operations in your capacity as a construction contractor.

4.2    United Fire also issued umbrella liability policy No. 85317321 to Keith Zars Pools, Ltd., effective from 6/1/17 to 6/1/18 ("the Umbrella Policy").[5]  The Umbrella Policy provides in part as follows:

**COMMERCIAL LIABILITY UMBRELLA COVERAGE FORM**

**SECTION** I - **COVERAGES**
**COVERAGE A - BODILY INJURY AND PROPERTY DAMAGE LIABILITY**
1.  **Insuring Agreement**
    a.  We will pay on behalf of the insured the "ultimate net loss" in excess of the "retained limit" because of "bodily injury" or "property damage" to which this insurance applies.
2.  **Exclusions**
This insurance does not apply to:
\* \* \*
    s.  **Professional Services**

---

[5] *See* **Exhibit C**.

4

> "Bodily injury" or "property damage" due to rendering of or failure to render any professional service. This includes but is not limited to:
> * * *
>
> **(2)** Preparing, approving, or failing to prepare or approve, maps, shop drawings, opinions, reports, surveys, field orders, change orders or drawings or specifications;
> **(3)** Inspection, supervision, quality control, architectural or engineering activities done by or for you on a project on which you serve as construction manager;
> * * *
> This exclusion applies even if the claims against any insured allege negligence or other wrongdoing in the supervision, hiring, employment, training or monitoring of others by that insured, if the "occurrence" which caused the "bodily injury" or "property damage", involved the rendering of or failure to render any professional service.

By quoting portions of the Policies which currently appear to be of particular and immediate interest to this coverage dispute, United Fire does not waive its right to rely on any other provisions of the policy, and has attached the Policies in their entirety as mandated by Texas law, which requires that a contract be construed as a whole.

4.3   The Original Petition in the Underlying Suit includes the following allegations:

> 20.   After receiving a "wish list" from Julia Armstrong, Zars Pools' employees Richard Quick and Will Parrot designed the Subject Pool. (Zars Dep. 15:25-17:6; 51:17-23; 59:3-13.) The design of the Subject Pool was a unique design - i.e., not a stock design.
> 21.   The Subject Pool incorporated into its design a Sun Shelf Cliff that is incident to a Sun Shelf. That is, the Sun Shelf is approximately five inches in depth throughout the entire "shelf" with "little variation." (Zars Dep. 18:24-20:18.) At one edge of the Sun Shelf is a forty-two inch "cliff" -i.e., an effective, immediate change in water depth from five inches to forty-two inches. (Zars Rep. 27:7-16; 21:5-14 (top of a bench is twelve inches below sun shelf); 21:15-23 (top of bench to pool floor is thirty inches).)
> * * *
> 26.   Likewise, Zars Pools failed to design safeguards to mitigate the hazards presented by the Sun Shelf Cliff. For example, Zars Pools could have installed cup anchors at both ends of the Sun Shelf Cliff to accommodate a float rope (Zars Dep. 33:3-6) for approximately two-hundred dollars (Zars Dep. 54:25-55:16). However, Zars Pools failed *to* install cup anchors at the Sun Shelf Cliff and failed *to* provide any device to warn or act as a barrier at the Sun Shelf Cliff.
> * * *
> 34.   At the time of the subject incident1 the Sun Shelf Cliff posed an unreasonable risk of harm because Defendants:

5

      a. designed, constructed, and made the Sun Shelf with the Sun Shelf Cliff available to toddlers;
      b. failed to install warnings of the hazards related *to* the Sun Shelf Cliff;
      c. failed to hire a lifeguard; and
      d. failed to install barriers to prevent a toddler from falling off of the Sun Shelf Cliff.

\* \* \*

44. There were design and marketing defects in the subject pool at the time it was built on the property owned by SC Casa, LLC and Julia DelaCruz Armstrong. The design was the producing cause of the subject incident the death of Hunter Bush, and all of the Plaintiffs' resulting damages. Specifically, the subject pool was unreasonably dangerous and defective as designed and manufactured, taking into account the Sun Shelf Cliff without any warning, barrier, and indicator.

45. Said design and marketing defects include, but are not limited to:
      a. designing the Subject Pool with a Sun Shelf Cliff;
      b. marketing the Sun Shelf with the Sun Shelf Cliff for use by toddlers;
      c. the failure to install warnings of the hazards related to the Sun Shelf Cliff; and
      d. the failure *to* install barriers to prevent a toddler from falling off of the Sun Shelf Cliff.

\* \* \*

46. At the time of the subject incident, there were safer alternative designs other than the designs of the Sun Shelf with the Sun Shelf Cliff. Further, there were alternative methods of warning of the unreasonable design. Such alternative designs, or at the very least, proper warnings would have prevented or significantly reduced the risk of the death of Hunter Bush and all of Plaintiffs' resulting damages.[6]

4.4    As shown by the above policy exclusions and the factual allegations from the Underlying Suit, the entirety of the Underlying Suit, as it pertains to Keith Zars Pools, focuses on claims which are excluded—that is, the design of the swimming pool. The Underlying Suit alleges no facts which could lead to a reasonable inference of any potentially covered claim. Indeed, there are no facts which could be alleged to create coverage under the Policies, without turning the Underlying Suit into a fundamentally different suit.

4.5    Despite the appearance that the claim is not covered, United Fire has agreed to temporarily defend Keith Zars Pools against the Underlying Suit, under a reservation of rights which expressly includes the right to later withdraw the defense and the right to seek this

---

[6] *See* **Exhibit A** at 5-11.

declaratory judgment. By agreeing to provide a temporary defense against the Underlying Suit, United Fire is fully protecting its policyholder, and even if its views regarding coverage are ultimately proven wrong, has breached no contractual obligation to its policyholders. Meanwhile, United Fire has urged Keith Zars Pools to tender the Underlying Suit to its professional liability insurer as soon as possible.

### V. CAUSE OF ACTION: DECLARATORY JUDGMENT

5.1  For the reasons stated above, United Fire seeks a declaratory judgment under 28 U.S.C. § 2201 that:

   a) United Fire has no contractual duty under the Policies to defend Keith Zars Pools, Ltd. against the Underlying Suit;

   b) United Fire has no contractual duty under the Policies to indemnify Keith Zars Pools, Ltd. with regard to any damages it may become legally obligated to pay as a result of the Underlying Suit.

5.2  **United Fire has no duty to defend.**  Viewed within the confines of the Texas eight-corners rule, the allegations in the Underlying Suit make clear that there is no potentially covered claim alleged against Keith Zars Pools. All claims alleged against Keith Zars Pools are excluded.

5.3  **United Fire has no duty to indemnify.**  Although the duty to indemnify is ordinarily not justiciable until the insured's liability is fixed by the resolution of the underlying suit, courts may adjudicate the duty to indemnify when there is no duty to defend and the same reasons that negate the duty to defend likewise negate any possible duty to indemnify.[7] Here, the same facts negate both the duty to defend and the duty to indemnify because the entirety of the suit against Keith Zars Pools is about its design of the pool, which is excluded under one or more of the

---

[7] *See Farmers Texas County Mut. Ins. Co. v. Griffin*, 955 S.W.2d 81 (Tex. 1997).

quoted policy exclusions. No facts developed during discovery or at trial can create coverage for this claim.

5.4     United Fire is *not* seeking money damages from Defendant.

5.5     United Fire is *not* seeking to recover its attorney fees incurred in conjunction with this coverage action because Fifth Circuit precedent does not support awards of attorney fees under the Federal Declaratory Judgment Act.[8] Nor may a defendant in a declaratory judgment proceeding manufacture a claim under either the Federal Declaratory Judgment Act or the Teas Declaratory Judgment Act by recasting its affirmative defenses as a claim for declaratory relief which is a mirror image of Plaintiff's existing claim for declaratory relief.[9]

## VI. PRAYER

6.1     FOR THESE REASONS, Plaintiff United Fire & Casualty Company requests that, after a trial on the merits, it recover the following:

    a. declaratory judgment under 28 U.S.C. § 2201 that:

        1. United Fire has no contractual duty under the Policies to defend Keith Zars Pools, Ltd. against the Underlying Suit;

        2. United Fire has no contractual duty under the Policies to indemnify Keith Zars Pools, Ltd. with regard to any damages it may become legally obligated to pay as a result of the Underlying Suit; and

    b. all other relief to which it may be justly entitled.

---

[8] *See AG Acceptance Corp. v. Veigel*, 564 F.3d 695 (5th Cir. 2009) (*citing Utica Lloyd's of Texas v. Mitchell*, 138 F.3d 208 (5th Cir. 1998)).
[9] *See, e.g., Sanijet Corp. v. Lexor Intern., Inc.*, CIV.A.3:06CV1258-B, 2008 WL 2201451, at *2 (N.D. Tex. May 15, 2008) (*citing Pan-Islamic Corp. v. Exxon Corp.,* 632 F.2d 539, 546 (5th Cir. 1980) (holding declaratory judgment counterclaims futile because they duplicated the issues already raised by existing claims).

Respectfully submitted,

**MARTIN, DISIERE, JEFFERSON & WISDOM, L.L.P.**

By:   */s/ Christopher W. Martin*
      Christopher W. Martin
      Texas Bar No. 13057620
      Federal I.D. No. 13515
      martin@mdjwlaw.com
      808 Travis, Ste. 1100
      Houston, Texas   77002
      Telephone:    (713) 632-1700
      Facsimile:     (713) 222-0101

ATTORNEY-IN-CHARGE FOR PLAINTIFF

OF COUNSEL:

**MARTIN, DISIERE, JEFFERSON & WISDOM, L.L.P.**
808 Travis Street, 20th Floor
Houston, Texas 77002
Telephone:    (713) 632-1700
Facsimile:     (713) 222-0101

Amber R. Dunten
Texas Bar No. 24010004
Federal I.D. No. 31660
dunten@mdjwlaw.com